# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2022

Lyle W. Cayce
Clerk

No. 21-60684
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Michael Anthony Herrera,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-156-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Michael Anthony Herrera appeals his within-guidelines sentence of 240 months of imprisonment following his guilty plea conviction of possession with intent to distribute one kilogram or more of heroin. He argues that the district court erred by declining to grant him a reduction for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

acceptance of responsibility under U.S.S.G. § 3E1.1. We will "affirm the denial of a reduction for acceptance of responsibility unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019) (internal quotation marks and citation omitted).

While represented by counsel, Herrera filed numerous pro se pleadings in the district court in which he accused the Government of engaging in misconduct and the district court of improperly participating in plea negotiations. Herrera filed pro se objections to the presentence report (PSR), in which he alleged that the probation officer willingly included untrue, inaccurate, and unreliable information in the PSR; that the transcripts of calls between him and a confidential information (CI), as well as calls between the CI and another party, were altered by the Government or otherwise fabricated; and that the consent form to search his property was forged. He also denied statements he made to agents following his arrest, and he accused the case agent of providing false information in federal court proceedings. Such conduct is inconsistent with acceptance of responsibility. *See* § 3E1.1, comment. (n.1(A)).

In addition, after pleading guilty, Herrera maintained his entrapment defense. We have repeatedly held that an entrapment defense is inconsistent with acceptance of responsibility because it "is a challenge to criminal intent and thus to culpability." *United States v. Partida*, 385 F.3d 546, 564 (5th Cir. 2004) (internal quotation marks and citation omitted). Further, Herrera waited until just before his trial date to plead guilty, thereby forcing the Government to use time and resources preparing for trial. Such behavior also counsels against acceptance of responsibility. *See United States v. Wilder*, 15 F.3d 1292, 1299 (5th Cir. 1994); § 3E1.1, comment. (n.1(H)). Accordingly, the district court's determination that Herrera's conduct did not warrant an

acceptance of responsibility reduction is not without foundation in the record.  *See Lord*, 915 F.3d at 1017.

The judgment of the district court is AFFIRMED.